IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ISMAEL MORALES                                                                                      PLAINTIFF

V.                                                                                          NO. 2:10CV223-P-S

BOBBY PHILLIPS, et. al                                                                         DEFENDANTS

<u>REPORT AND RECOMMENDATION</u>

On June 28, 2011, the plaintiff, an inmate currently housed in the Tallahatchie County Correciontal Facility, appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his complaint filed under 42 U.S.C. § 1983.

In his complaint, the plaintiff alleged a denial of adequate medical treatment. Specifically, the plaintiff complained that he has a deformity in his foot which has reduced his mobility and causes him constant pain. The untreated deformity has also resulted in a loss of mass in his ankle and calf along with contortion of the spine and posture. The plaintiff admitted he has been evaluated numerous times by physicians one of whom has recommended corrective surgery. At some point he was given orthopedic shoes but does not have them any longer. His requests for new corrective shoes have gone without a response. According to the plaintiff, he is not receiving any treatment for his deformity or resulting pain.

Despite his compelling claim, one of the defendants must be dismissed. During the *Spears* hearing, the plaintiff was unable to remember Charles Tache nor was he able to recall what role, if any, Tache played in the denying him medical attention. It is well settled that a state actor cannot be liable absent any personal involvement in the events which gave rise to the civil action. *Sanders-Burns v. City of Plano*, 578 F.3d 279, 290 (5th Cir. 2009) (the doctrine of respondeat superior is not cognizable in 1983 actions). Therefore, in the absence of any personal involvement defendant Charles Tache will be dismissed**.** *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).

## Conclusion

It is the recommendation of the undersigned, therefore, that defendant Charles Tache be dismissed. The plaintiff's claim for denial of adequate medial treatment shall proceed and process will issue for the remaining defendants.

The court, *sua sponte*, grants the plaintiff thirty (30) days to amend the allegations of his complaint and add any defendants who actively participated in or who may be responsible for the alleged denial of medical treatment.

## Objections

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Assoication*, 79 F.3d 1415 (5th Cir. 1996).

The Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. The Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 13th day of July, 2011.

/s/ David Sanders
UNITED STATES MAGISTRATE JUDGE